**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RICHARD MAREK** | § | |
| | § | |
| **V.** | § | **A-07-CA-716 LY** |
| | § | |
| **DAVID HILDEBRAND, ET AL.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Hildebrand's Motion for Summary Judgment on Qualified

Immunity, filed on January 15, 2008 (Clerk's Doc. No. 18), Plaintiff's Response to Defendant

Hildebrand's Motion for Summary Judgment on Qualified Immunity, filed February 28, 2008 (Clerk's

Doc. No. 37), Plaintiff's Objections to Defendant's Summary Judgment Evidence, filed on February

28, 2008 (Clerk's Doc. No. 38), Defendant, David Hildebrand's Response to Plaintiff's Objections

to Defendant's Summary Judgment Evidence, filed on March 11, 2008 (Clerk's Doc. No. 46),

Defendant, David Hildebrand's Objections and Motion to Strike Statements Contained in Evidence

Submitted in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment on

Qualified Immunity, filed on March 11, 2008 (Clerk's Doc. No. 47), Defendant Commissioner

Hildebrand's Reply to Plaintiff's Response to Defendant Hildebrand's Motion for Summary Judgment

on Qualified Immunity, filed on March 11, 2008 (Clerk's Doc. No. 48), Plaintiff's Objections to

Defendant's First Supplemental Affidavit in Support of his Motion for Summary Judgment and to a

Statement in His Reply, filed on March 18, 2008 (Clerk's Doc. No. 52), the Parties' Stipulation as

to Defendant's Filing a Supplemental Motion for Summary Judgment on Qualified Immunity, filed

on March 19, 2008 (Clerk's Doc. No. 53), Defendant, Commissioner David Hildebrand's

Supplemental Motion for Summary Judgment on Qualified Immunity, filed on March 31, 2008 (Clerk's Doc. No. 55), Plaintiff's Objections to Defendant's Summary Judgment Evidence in Support of His Supplemental Motion for Summary Judgment, filed on April 4, 2008 (Clerk's Doc. No. 56), Plaintiff's Response to Defendant Commissioner David Hildebrand's Supplemental Motion for Summary Judgment on Qualified Immunity, filed on April 4, 2008 (Clerk's Doc. No. 57), Defendant Hildebrand's Response to Plaintiff's Objections to Defendant's Summary Judgment Evidence in Support of His Supplemental Motion for Summary Judgment on Qualified Immunity, filed on April 11, 2008 (Clerk's Doc. No. 58), David Hildebrand's Reply to Plaintiff's Response to His Supplemental Motion for Summary Judgment on Qualified Immunity, filed on April 11, 2008 (Clerk's Doc. No. 59), and Plaintiff's Surreply to Defendant Hildebrand's Reply to Plaintiff's Response to His Supplemental Motion for Summary Judgment on Qualified Immunity, filed on April 16, 2008 (Clerk's Doc. No. 60).

On March 17, 2008, the District Court referred the foregoing to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing the parties' briefs, relevant law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I. BACKGROUND

This case arises from the termination of Plaintiff Richard Marek ("Marek") from his position as a member of the Precinct 3 Road Crew of Defendant Burleson County, Texas (the "County"). At the time of his departure, Marek's direct supervisor was Defendant and County Commissioner David

Hildebrand ("Hildebrand").  Marek and Hildebrand had a somewhat rocky relationship.  Marek supported Hildebrand's political adversary, accused Hildebrand of using County resources for private purposes on at least two occasions, and spoke out against Hildebrand's pay policy at a meeting of the County Commissioners Court.  In addition to terminating Marek, Hildebrand declined to give Marek a pay raise while he was employed with the County and reported him to the district attorney for alleged criminal conduct.

In the present case, Marek contends Hildebrand illegally terminated him in retaliation for exercising his constitutional rights, and that Hildebrand's explanation for his termination was pretextual.  Hildebrand's proffered explanation for terminating Marek was that he indicated on his time sheet that he had worked a full day on October 31, 2006, when he had in fact spent a portion of the day making a social visit to the home of Hildebrand's secretary in order to visit her husband. Marek does not dispute that his time sheet indicated that he had worked a full day on October 31, 2006, but contends he was owed compensatory time, Hildebrand collected Marek's time sheet early, and Marek was never given the opportunity to finalize his time sheet as was the normal custom and practice.  Marek also contends Hildebrand threatened to file felony criminal charges against him if he ever took any action against Hildebrand or the County following his termination.  Subsequently, after Hildebrand heard that Marek had "lawyered-up" he reported to the district attorney that Marek had falsified his time sheet.  The district attorney filed charges against Marek and he was subsequently indicted by a grand jury for allegedly falsifying his time sheet.  During Marek's criminal trial, the district attorney dismissed the charge against Marek at the conclusion of Hildebrand's testimony.

Marek sued Hildebrand pursuant to 42 U.S.C. § 1983.  He claims he was retaliated against in violation of his rights under the First and Fourteenth Amendments to the United States

Constitution.  According to Marek, Hildebrand's proffered reasons for taking adverse action against him were pretextual.  Marek contends he was punished because he supported Hildebrand's political opponent, spoke out against Hildebrand's alleged use of County resources for private purposes, spoke out against Hildebrand's pay policy and the release of certain social security numbers during a meeting of the Commissioners Court, and because he complained about behavior that he thought was sexually harassing.  In addition, Marek claims Hildebrand violated his substantive and procedural due process rights under the Fourteenth Amendment.  Finally, Marek asserts claims for violations of his rights under the Texas Constitution, malicious prosecution, and intentional infliction of emotional distress.

In Defendant Hildebrand's Motion for Summary Judgment on Qualified Immunity ("Motion"), Hildebrand seeks summary judgment pursuant to Federal Rule of Civil Procedure 56 on Marek's § 1983 claims based on qualified immunity grounds.  He also seeks summary judgment on Marek's malicious prosecution claim.  Hildebrand contends he is entitled to qualified immunity with respect to Marek's First and Fourteenth Amendment claims because Marek is unable to establish that any of his constitutional rights were violated and Hildebrand's actions were objectively reasonable.  He also argues Marek's malicious prosecution claim should be dismissed because the summary judgment evidence negates requisite elements of the claim.

## II.  ANALYSIS

### A.  *Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." FED. R. CIV. P. 56(c).  "An issue is material if its resolution could affect the outcome of the action."  *Commerce and Indus. Ins. Co. v. Grinell Corp.*, 280 F.3d 566, 570 (5th Cir. 2002).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, courts must view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).  Furthermore, courts "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

"[T]he nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial."  *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).  The nonmovant may not rely on mere allegations in the pleadings. *Id.*  Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment.  *Duffy v. Leading Edge Prods., Inc.,* 44 F.3d 308, 312 (5th Cir. 1995).  Rather, the nonmoving party must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case.  *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997).  The standard of review "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record before the court."  *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson*, 477

5

U.S. at 248.  Disputed fact issues that are "irrelevant and unnecessary" will not be considered by the

Court.  *Id.*  If the nonmoving party fails to make a showing sufficient to establish the existence of an

element essential to its case and on which it will bear the burden of proof at trial, summary judgment

must be granted.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B.  Evidentiary Objections

Before addressing the merits, the Court will first consider the various evidentiary objections

raised by the parties.  With regard to the objections raised in Plaintiff's Objections to Defendant's

Summary Judgment Evidence (Clerk's Doc. No. 38), the Court finds that objections one, seven,

eight, nine, and the non-hearsay portions of twelve go to weight rather than admissibility and must

therefore be overruled.  Because the Court does not rely on the specific statements identified in

objections two, three, four, and five, these objections are overruled as moot.  The court overrules

objection ten for the reasons identified by Hildebrand, and overrules objections eleven and the hearsay

objection in twelve because Marek failed to identify the specific statements he contends are hearsay.

The Court is of the opinion that the objections contained in Defendant, David Hildebrand's

Objections and Motion to Strike Statements Contained in Evidence Submitted in Support of

Plaintiff's Response to Defendant's Motion for Summary Judgment on Qualified Immunity (Clerk's

Doc. No. 47) should be overruled and the motion to dismiss contained therein, denied.  Objections

one and five go to weight rather than admissibility.  The Court did not rely on the specific statements

identified in the remaining objections.  Therefore, they are overruled as moot.

Plaintiff's Objections to Defendant's First Supplemental Affidavit in Support of His Motion

for Summary Judgment and to a Statement in His Reply (Clerk's Doc. No. 52) are also overruled.

The Court already overruled objection one, which was previously raised by Marek.  Similarly,

objection two is already overruled above. Objection three goes to weight rather than admissibility, and is therefore overruled.

Lastly, with respect to Plaintiff's Objections to Defendant's Summary Judgment Evidence in Support of His Supplemental Motion for Summary Judgment on Qualified Immunity (Clerk's Doc. No. 56) the objections are overruled. Objection "a" is overruled for the same reasons previously discussed. Objection "b" is overruled as moot because the Court did not rely on the letters in reaching its decision. Objection "c" is overruled for the reasons stated by Hildebrand. Objection "d" is overruled because Marek fails to identify the specific statements he contends are hearsay. Objection "e" is overruled to the extent it goes to weight rather than admissibility and Marek's hearsay objection is overruled because the document is a business record. Objection "f" is overruled for the reasons identified by Hildebrand.

### C.  Marek's § 1983 Claims Against Hildebrand

Qualified immunity shields governmental officials performing discretionary functions from individual liability for civil damages "insofar as their conduct does not violate clearly established rights of which a reasonable person would have known." *Johnston v. City of Houston*, 14 F.3d 1056, 1059 (5th Cir. 1994). Courts apply a two-step analysis to determine whether a defendant is entitled to summary judgment on the basis of qualified immunity. First, they determine whether the plaintiff has alleged a violation of a constitutional right. *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005); *McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002); *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). If not, the analysis ends there. *Id.* If a violation has been properly alleged, the next consideration is whether the defendant's actions were objectively reasonable in light of clearly established law at the time of the conduct in question. *Connelly v. Tex.*

*Dep't of Criminal Justice*, 484 F.3d 343, 346 (5th Cir. 2007). To make this determination, the Court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions. *Glenn*, 242 F.3d at 312; *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000); *see also Tarver*, 410 F.3d at 750 ("If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact."). The second prong of the analysis is better understood as two separate inquiries: whether the constitutional right allegedly violated was clearly established at the time of the incident; and, if so, whether the conduct of the defendant was objectively unreasonable in light of that law. *Tarver*, 410 F.3d at 750.

### 1.    *First Amendment (Speech)*

A First Amendment speech retaliation claim has four elements: (1) an adverse employment decision; (2) speech involving a matter of public concern; (3) outweighing of the governmental defendant's interest in promoting efficiency by the plaintiff's interest in speaking; and (4) the speech at issue must have motivated the defendant's conduct. *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004). A defendant can escape liability by showing that it would have taken the same action even in the absence of the protected conduct. *Gerhart v. Hayes*, 217 F.3d 320, 321 (5th Cir. 2000). Hildebrand contends he is entitled to qualified immunity because Marek did not speak publicly, on a matter of public concern, and that Marek's speech did not motivate his termination.

With respect to Hildebrand's first argument, the Court notes that Marek filed an amended complaint after the filing date of Hildebrand's Motion. Hildebrand claims that because Marek failed to identify the time of the alleged speech and the identity of the listener, his claim is invalid. *See Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 342 (5th Cir. 2003) (requiring that plaintiffs be specific

with respect o the time, listener, form, and content of the alleged speech). Marek's amended pleading identifies the approximate time, listener, form, content, and individuals present during Marek's speech. *See* Plaintiff's Second Amended Complaint at pp. 2-3. The allegations contained in Marek's Second Amended Complaint are sufficient to permit consideration of the content, context, and form of the speech. Therefore, Hildebrand's argument fails in light of the allegations contained in Plaintiff's Second Amended Complaint.

The determination of whether speech is a matter of public concern is a matter of law for the Court to decide. *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 184 (5th Cir. 2005). "[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen on matters of public concern." *Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 692-94 (5th Cir. 2007). "A public employee's speech is protected by the First Amendment when the interests of the worker 'as a citizen commenting upon matters of public concern' outweigh the interests of the state 'as an employer, in promoting the efficiency of the services it performs through its employees.'" *Id.* at 692 (citing *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement." *Connick v. Meyers*, 461 U.S. 138, 147-48 (1983). Marek identifies four instances of speech in his amended pleading, which he claims constitute matters of public concern. First, he alleges he told W.J. Stracener, the former Burleson County Commissioner, that Hildebrand caused asphalt to be dumped on a private road using a County truck. Plaintiff's Second Amended Complaint at ¶ 3. Second, Marek contends he told George Johnson that he believed Hildebrand misused County resources in delivering the asphalt and by installing a pipe that benefitted private property. Plaintiff's Second Amended Complaint at ¶ 4. Third, Marek contends he told Hildebrand that the use of the

"f" word by Hildebrand and other employees in the presence of female employees constituted sexual harassment and should stop.  *See* Plaintiff's Second Amended Complaint at ¶ 6.  Fourth, Marek alleges he spoke to the County Commissioners Court concerning Hildebrand's pay policy and the alleged release of employee social security numbers.  Plaintiff's Second Amended Complaint at ¶ 7.

The Court is of the opinion that Marek's allegations that Hildebrand's misused County resources and allegations regarding sexual harassment constituted matters of public concern. However, Marek's speech concerning Hildebrand's pay policy and the alleged release of employee social security numbers are not matters of public concern.  It is well-established that speech relating to official misconduct involves matters of public concern.  *Charles v. Grief*, 522 F.3d 508, 514 (5th Cir. 2008).  Therefore, Marek's contentions that Hildebrand utilized county resources for private purposes are matters of public importance and are entitled to First Amendment protection.  The Court rejects Hildebrand's argument that because Marek's allegations are allegedly false and constitute defamation they are not entitled to First Amendment protection.  The truth or falsity of an employee's speech "plays no role in the determination of whether the speech concerned a matter of public interest."  *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 185 (5th Cir. 2005).  Moreover, as correctly noted by Marek, the case cited by Hildebrand in support of his argument is a defamation case involving a private figure.  *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 4-6 (1990). Marek's speech concerning sexual harassment is similarly protected.  *Wilson v. UT Health Ctr.*, 973 F.2d 1263, 1269 (5th Cir. 1992) (reports of sexual harassment are "of great public concern").

Marek's speech concerning Hildebrand's pay policy and the release of employee social security numbers relates to personnel matters and is not entitled to First Amendment protection.

Personnel disputes and management decisions are not generally considered matters of public concern. *See Randolph v. Tex. Rehab. Comm'n*, 214 Fed. Appx. 424, 426 (5th Cir. 2007).  As previously mentioned, the Court must consider the content, form, and context of Marek's speech, as revealed by the record as a whole. *Connick*, 461 U.S. at 147-48.  "[M]ixed speech cases are perhaps the most difficult subset of speech cases to adjudicate." *Modica v. Taylor*, 465 F.3d 174, 180 (5th Cir. 2006). Matters of purely personal interest do not warrant constitutional protection. *See Benningfield v. City of Houston*, 157 F.3d 369, 375 (5th Cir. 1998).  Nevertheless, an element of personal interest does not preclude a finding that the speech at issue raises issues of public concern. *Dodds v. Childers*, 933 F.2d 271, 273 (5th Cir. 1991).  Here, at the time of Marek's comments to the Commissioners Court, he had recently been denied a raise by Hildebrand, which he was upset about. *See* Plaintiff's Second Amended Complaint at p. 9.  Marek no doubt had a personal interest in Hildebrand's pay policy because it directly effected his salary.  It was only after Hildebrand rejected Marek's subsequent request for a raise that he requested information concerning the County grievance procedures and rules for Commissioners Court meetings.  Affidavit of Richard Marek ("Marek Aff."), attached to Plaintiff's Appendix to Response to Defendant Hildebrand's Motion for Summary Judgment on Qualified Immunity (Plaintiff's Appendix") as "Exhibit C" at pp. 4, 11.  In addition, Marek has provided no support for his argument regarding the release of employees' social security numbers being of public concern.  Contrary to his contention, the release of individual employees' social security numbers is more of a personal matter for particular employees involved, rather than one of public concern.  "[D]iscussion[s] of management policies that are only interesting to the public by virtue of the manager's status as an arm of the government" do not relate to public concern. *Kennedy*, 224 F.3d at 372.  While the Court recognizes Marek's choice of forum supports his

11

contention that his speech was of a public concern, the forum is not dispositive regarding the issue of whether speech concerns the interest of the public. *See Modica*, 465 F.3d at 181. Accordingly, the Court finds Marek's speech concerning Hildebrand's pay policy and the alleged release of employee social security numbers did not constitute matters of public concern and is therefore not entitled to protection.

Hildebrand's final argument concerns causation. The Court finds that Marek has properly alleged that his speech motivated the adverse actions taken by Hildebrand. Moreover, fact issues concerning Hildebrand's motivation for terminating Marek preclude summary judgment. Hildebrand allegedly threatened to terminate Marek if word ever got back to him that Marek was talking about him. Marek Aff. at p. 4. He allegedly made good on his promise when Marek was terminated one day after speaking with the husband of Hildebrand's secretary regarding Hildebrand's alleged misdealings. Marek Aff. at pp. 7-8. Marek has also offered evidence that his termination for allegedly falsifying his time sheet was pretextual. Specifically, he detailed the normal process of time sheet collection, which he contends was not followed on the day of his termination, and claims he was entitled to compensatory time. Marek Aff. at pp. 2-3, 11. Marek has provided ample evidence that his speech motivated Hildebrand's actions and that Hildebrand's proffered reasons for terminating him were pretextual. This is enough to find that Marek has alleged a constitutional violation for the qualified immunity analysis.

### 2.      *First Amendment (Political Association)*

Marek contends he was retaliated against due to his political association. He supported Hildebrand's opponent in the Burleson County Commissioner election, claims Hildebrand was aware of his support for his opponent, and claims Hildebrand retaliated against him because of his support

12

for the opposition candidate.  *See* Plaintiff's Second Amended Complaint at pp. 2, 4.  The right to associate with the political party's of one's own choosing is an integral part of the freedom to associate protected by the First and Fourteenth Amendments.  *Coughlin v. Lee*, 946 F.2d 1152, 1158 (5th Cir. 1991).  The dismissal of a public employee based solely on patronage or political affiliation violates the First Amendment unless the affiliation is "'an appropriate requirement for the performance of the public office involved.'"  *Id.* (quoting *Branti v. Finkel*, 445 U.S. 507, 519 (1980)).  Cases involving the balance between First Amendment rights and an employer's right to effective and loyal service exist on a continuum.  *Click v. Copeland*, 970 F.2d 106, 112 (5th Cir. 1992).  "Where nonpolicymaking, nonconfidential employees are discharged solely because of their private political views, little, if any, weighing of an employee's First Amendment rights against an employer's right to loyal and effective service is necessary, and the employee's rights will usually prevail."  *Gentry v. Lowndes County, Miss.*, 337 F.3d 481, 486 (5th Cir. 2003).  The Court must balance First Amendment values implicit in political activity against the possibility of disruption on the governmental provision of services within the context of a particular case.  *Coughlin*, 946 F.2d at 1158.  It is well established that retaliation against an employee based solely on political affiliation or association violates the First Amendment.  *See Kinsey v. Salado Indep. Sch. Dist.*, 950 F.2d 988, 993 (5th Cir. 1992).  Patronage dismissals are unconstitutional.  *Elrod v. Burns*, 427 U.S. 347, 373 (1976).  Hildebrand does not argue that a particular party affiliation is necessary for the performance of Marek's job, that his political association had any effect on his performance, or that any "countervailing considerations" are present in this case.  *See Click*, 970 F.2d at 112.  He contends the adverse actions taken against Marek were justified on grounds other than his political association.

Accordingly, the Court finds that Marek's First Amendment political association right prevails in this case and moves to the causation analysis.

The crux of Hildebrand's argument concerning Marek's political association claim concerns causation. In order to satisfy the causation element of a political association retaliation claim, Marek "has the initial burden of demonstrating (1) that his conduct was protected by the First Amendment, and (2) that this conduct was a "substantial" or "motivating" factor in the employer's action." *Id.* at 113; *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Next, the burden shifts to Hildebrand to prove "by a preponderance of evidence that he would have taken the same action against [Marek] even in the absence of th[e] protected conduct." *Id.* Finally, Marek may refute Hildebrand's assertion by offering evidence that Hildebrand's proffered explanation is merely pretextual. *Id.*

Marek's conduct is protected by the First Amendment. *Coughlin*, 946 F.2d at 1158. The issue of whether "an employee's protected conduct was a substantial or motivating factor in an employer's decision to take action against the employee is a question of fact, ordinarily rendering summary disposition inappropriate. *Click*, 970 F.2d at 113 (citing *Brawner v. City of Richardson*, 855 F.2d 187, 193 (5th Cir. 1988)). While Hildebrand offered evidence that Marek's termination was for reasons other than his political affiliation and association, evidence also supports a contrary inference. Specifically, Marek threatened to terminate Marek after he took office. *See* Marek Aff. at p. 4. He acknowledged he was aware Marek supported his political opponent. Defendant Commissioner Hildebrand's Affidavit ("Hildebrand Affidavit"), attached as "Exhibit 1" to Defendant's Appendix to Motion for Summary Judgment on Qualified Immunity ("Defendant's Appendix"), at p. 1. In addition, there is evidence that Marek performed his job satisfactorily. Marek's former

14

supervisor testified he was a hard worker.  *See* Affidavit of W.J. Stracener, attached as "Exhibit D" to Plaintiff's Appendix, at p. 1.  Hildebrand offered to give Marek a job recommendation when he was terminated and told him that he was pleased with Marek's performance.  *See* Marek Aff. at pp. 3, 8.  Finally, there is evidence that Hildebrand treated Marek differently than the other employees and deviated from normal procedures regarding the collection and submission of time sheets at the time of his termination.  *See* Marek Aff. at pp. 2-3, 11.  Apparently, he was the only employee who did not get a raise from Hildebrand after he was elected.  *See* Marek Aff. at p. 3.  Based on this summary judgment record, Marek has alleged a constitutional claim.

### 3.     *First Amendment (Access to Courts)*

Access to courts is protected by the First Amendment right to petition for redress of grievances.  *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *Wilson v. Thompson*, 593 F.2d 1375, 1387 (5th Cir. 1979).  "The constitutional right of access to courts is a facilitative right 'designed to ensure that a citizen has the opportunity to exercise his or her legal rights to present a cognizable claim to the appropriate court, and if that claim is meritorious, to have the court make a determination to that effect and order the appropriate relief.'" *Hinds v. Dallas Indep. Sch. Dist.*, 188 F. Supp. 2d 664, 673 (N.D. Tex. 2002) (quoting *Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5th Cir. 1994)).  The right of access to courts is "implicated where the ability to file suit was delayed, or blocked altogether." *Foster*, 28 F.3d at 430.  The Fifth Circuit characterizes the right of access as encompassing the right to initiate suit. *Id*. at n.7.

In the present case, Marek alleges his right of access to courts was violated because Hildebrand threatened to file felony criminal charges against him and disclose affectionate letters he had written to a woman other than his wife if he ever took legal action against Hildebrand.  *See*

Plaintiff's Second Amended Complaint at p. 6.  He also alleges that he did not file any grievance against Hildebrand or take any other action because of his threats.  *See* Plaintiff's Second Amended Complaint at p. 5.  According to Hildebrand, Marek's claim fails because Marek did not properly allege, and cannot prove, that his ability to file suit was ever delayed or blocked altogether.  The Court disagrees.  Marek has stated a viable First Amendment access to courts claim.  There is evidence in the record that Hildebrand threatened Marek.  Marek Aff. at p. 8.  In fact, during Marek's criminal trial, Hildebrand admitted making such threats.  Guilt-Innocence Phase Reporter's Record, attached as "Exhibit B" to Plaintiff's Appendix, at pp. 51, 54, 56.  In addition, Marek's affidavit provides that he did not complain of his termination or Mr. Hildebrand's actions because of the threats.  Marek Aff. at p.11.  Threats made by a public official to withhold benefits or exact a penalty if legal proceedings are initiated chill access to courts.  *Silver v. Cormier*, 884 F.2d 804, 812 (10th Cir. 1989) ("A public official's threats to a citizen to withhold monies due and owing, should legal proceedings on an independent matter be instituted, burdens or chills constituted rights of access to the courts.  And this is true although the threat is not actually effective.").  "[A]ccess to the courts is not to be restricted by threats, intimidation, coercion, or punishment."  *Campbell v. Beto*, 460 F.2d 765, 768 (5th Cir. 1972).  Accordingly, the Court finds Marek has properly asserted a claim against Hildebrand for violating his First Amendment right of access to the courts.[1]

### 4.    *Fourteenth Amendment (Substantive Due Process)*

---

[1]The Court notes Hildebrand's alternative argument that Marek's First Amendment retaliation claim is foreclosed because he did not establish each element of his underlying state law malicious prosecution claim is moot.  Marek is not asserting a First Amendment retaliation claim based on malicious prosecution.  *See* Plaintiff's Response to Defendant Marek's Motion for Summary Judgment on Qualified Immunity at p.16 n.13.

In order for a public employee to prevail on a substantive due process claim, he must demonstrate: (1) a property interest in his or her employment, and (2) the arbitrary and capricious termination of that interest. *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993).  A property interest for public employees may exist pursuant to statute, ordinance, local rule, or contract. *Bishop v. Wood*, 426 U.S. 341, 344 (1976).  "Property interests are created and their dimensions are defined by existing rules or understandings under state law." *Williams v. Tex. Tech Univ. Health Srvs. Ctr.*, 6 F.3d 290, 293 (5th Cir. 1993).  Texas in an employment-at-will state. *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir. 1991).  Accordingly, absent a specific contract to the contrary, employment contracts are terminable at will by either party.  *Id.*

Here, Marek's Fourteenth Amendment substantive due process claim is based on his alleged due process right to correct his time sheet. *See* Plaintiff's Second Amended Complaint at p. 5.  The Court agrees with Hildebrand that Marek has not stated a cognizable Fourteenth Amendment substantive due process claim.  Marek does not dispute, and the County Policy Manual makes clear, that he was an at will employee. *See* Burleson County Policy Manual, attached as "Exhibit 2A" to Defendant's Appendix, at p. 1.  Accordingly, he had no property interest in his job. *Garcia v. Reeves County*, 32 F.3d 200, 203 (5th Cir. 1994).  Moreover, Marek has not alleged or provided any evidence that a contract, manual, or statute created any property interest that altered the employment-at-will relationship.  In fact, he entirely failed to address Hildebrand's summary judgment argument regarding his due process claim.  The failure to address an issue raised on summary judgment results in waiver. *Vaughner v. Pulito*, 804 F.2d 873, 877 (5th Cir. 1986) ("if a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered").  Marek failed to adequately allege that Hildebrand violated any established substantive

17

due process right and failed to adequately respond to HIldebrand's summary judgment argument. Therefore, the Court need not go any further in order to determine that Hildebrand is entitled to qualified immunity on Marek's Fourteenth Amendment substantive due process claim.

### 5.   *Fourteenth Amendment (Procedural Due Process)*

The Fourteenth Amendment prohibits state actors from depriving an individual's life, liberty, or property without due process of law. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-70 (1972). "[D]ischarge from public employment under circumstances that put the employee's reputation, honor or integrity at stake gives rise to a liberty interest under the Fourteenth Amendment to a procedural opportunity to clear one's name." *Rosenstein v. City of Dallas*, 876 F.2d 392, 395 (5th Cir. 1989). When a public employee's discharge will do special harm to the employee's reputation and the employer fails to give the employee an opportunity to clear his or her name, damages for this deprivation of his or her liberty interest are available under § 1983. *Id.* In order to prevail on such a claim, an employee must prove "that he was discharged, that the defamatory charges were made against him in connection with the discharge, that the charges were false, that no meaningful public hearing was conducted pre-discharge, that the charges were made public, that he requested a hearing in which to clear his name, and that the request was denied." *Id.* at 395-96 (internal citations omitted). The denial of a hearing is the key action that deprives one of their liberty interest without due process. *Id.* at 395. In the present case, Marek contends his Fourteenth Amendment liberty interest was violated because Hildebrand told a U.S. Post Office worker (who managed Marek when he moonlighted at the U.S. Post Office) that Marek was fired for doing something wrong, had been indicted on felony charges of falsifying a government record, and because he was prevented from filing a grievance concerning Hildebrand's actions. *See* Plaintiff's Second

Amended Complaint at p. 6. According to Hildebrand, Marek's claim should be dismissed because he cannot prove the statements were false, Marek never requested a hearing to clear his name, and there was no denial of a hearing.

There can be no dispute as to the truth of Hildebrand's statement that Marek was indicted on felony charges of falsifying a government record. Marek was in fact indicted on December 7, 2006. Indictment, attached as "Exhibit 14" to Defendant's Appendix. Accordingly, Marek cannot prevail on a procedural due process claim with respect to Hildebrand's statement that Marek was indicted. As to Hildebrand's statement that Marek was fired for improper conduct, as already discussed above, a fact issue exists. Marek testified in his affidavit that he was owed one and one half hours of compensatory time, employee time sheets were not turned in daily, and employees were provided time to correct their time sheets before they were finalized for payroll as a matter of course and established procedure. *See* Marek Aff. at pp. 2-3, 11. Hildebrand essentially confirmed this in his testimony at Marek's trial. *See* Guilt-Innocence Phase Reporter's Record, attached as "Exhibit B" to Plaintiff's Appendix, at p. 83.

As to the issues surrounding the name-clearing hearing (*i.e.*, that Marek requested and was denied one), for three reasons the Court finds that it would be inappropriate to grant summary judgment on these issues. First, there is evidence that Hildebrand induced Marek not to request a hearing when he promised Marek that he would give him a favorable recommendation. *See* Marek Aff. at pp. 3, 8. It would be inappropriate to allow Hildebrand to escape liability for this claim on the basis that Marek had not requested a hearing, if the reason he did not do so was because Hildebrand gave him reason to believe that there was no need for Marek to have to clear his name. Given that there is evidence in the record that such a promise was made, summary judgment would be improper.

19

Second, even if Marek had been inclined and had reason to request a hearing, Marek testified in his affidavit that Hildebrand also told him that "if he ever came at him or anyone at the County, that he would file felony criminal charges with the district attorney."  Marek Aff. at p. 8.  This threat was essentially the stick that went with the carrot Hildebrand had dangled before Marek with the promise of a favorable recommendation, and let Marek know that it he did demand a hearing there would be repercussions.  Such a threat effectively prevented Marek from requesting a name-clearing hearing.  The cases cited by Hildebrand holding that an employee must formally request a hearing are distinguishable because none involved an alleged threat if the employee took any action.  Finally, Hildebrand has offered no evidence that Marek was informed that he had the right to a name-clearing hearing.  In fact, Marek claims he was unaware of the possibility of such a hearing.  Marek Aff. at p. 11.  Importantly, Hildebrand was required to make known to Marek that he was entitled to a hearing to clear his name.  *In re Selcraig*, 705 F.2d 789, 796 (5th Cir. 1983); *see also Rothstein*, 876 F.2d at 396-97 (indicating plaintiff had demonstrated denial of name-clearing hearing when city failed to notify him of procedures available and made clear he would not be permitted a procedural avenue to clear his name).  There is no evidence that Hildebrand notified Marek he had the right to a hearing.  Accordingly, based on the evidence before the Court, and making all inferences in favor of the non-moving party, the Court is of the opinion that Marek has asserted a viable Fourteenth Amendment liberty interest claim.

### 6.   *Clearly Established Law and Objective Reasonableness*

As discussed above, Marek has properly stated claims for violations of his First Amendment speech, political association, and access to courts rights, and his Fourteenth Amendment liberty rights.  Accordingly, the Court must determine whether Hildebrand's conduct was objectively

reasonable in light of clearly established law.  The first portion of the inquiry requires that Marek's rights were clearly established at the time of the alleged violations.  A constitutional right is clearly established if "in light of pre-existing law, the unlawfulness [of the alleged conduct is] apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  At the time of the alleged violation of Marek's speech rights, Supreme Court and Fifth Circuit Court of Appeals law prohibited a government employee from retaliating against an employee who engages in protected speech.  *Davis v. McKinney*, 518 F.3d 304, 317 (5th Cir. 2008).  Since at least 1984, the law in the Fifth Circuit has been that a public official may not retaliate against an employee based on political affiliation or association. *Prof'l Assoc. of Coll. Educators, TSTA/NEA v. El Paso County Cmty. Coll. Dist.*, 730 F.2d 258, 262 (5th Cir. 1984).  In addition, it has been the law in the Fifth Circuit since at least 1983 that if a state official conspires or acts in such a way as to prejudice or defeat a litigant's rights to access the courts, the actions of the official would result in a denial of the employee's constitutional rights.  *See Ryland v. Shapiro*, 708 F.2d 967, 974 (5th Cir. 1983).  Finally, it has been the law of the Fifth Circuit since at least 1989 that the discharge of a public employee "under circumstances that put the employee's reputation, honor or integrity at stake give[s] rise to a liberty interest under the Fourteenth Amendment to a procedural opportunity to clear one's name."  *Rothstein*, 876 F.2d at 395.

The last step of the analysis is determining whether Hildebrand's actions were objectively unreasonable in light of this clearly established law.  The Court finds that fact issues regarding the objective reasonableness of Hildebrand's actions preclude summary judgment with respect to Marek's viable claims.  Marek's First Amendment retaliation claims boil down to the issue of whether or not the adverse actions taken against him by Hildebrand were in retaliation for his speech and political affiliation.  As discussed above, a genuine issue of material fact exists with respect to the reason for

Marek's termination. Marek contends and has offered evidence that he was retaliated against because of his speech and political affiliation. Hildebrand contends and has offered evidence that Marek's termination was justified due to his insubordination and alleged falsification of his time sheet. At this stage in the proceeding, the Court must draw all inferences in the light most favorable to the nonmovant. If Marek's version of the events is true, then no reasonable official could have concluded that Hildebrand's actions were legal. With respect to Marek's access to courts claim, the Court also finds Hildebrand is not entitled to qualified immunity. The evidence provided by Marek suggests that Hildebrand's essentially blackmailed him – if Marek initiated any legal action against Hildebrand, then Hildebrand would see to it that Marek was indicted, for conduct that Marek's evidence suggests was not criminal. No reasonable official could have concluded that this was permissible. Because genuine issues of material fact exist as to whether Hildebrand engaged in conduct which, if proved, would violate Marek's right of access to the courts, summary judgment is not warranted.

Lastly, the Court also finds genuine issues of material fact that preclude summary judgment regarding the objective reasonableness of Hildebrand's conduct in reporting to Marek's part-time employer that he was fired for improper conduct and failing to permit a name-clearing hearing. Marek's argument is that Hildebrand violated his due process right by reporting to his part-time employer that he had been terminated for doing something wrong. Based on the evidence submitted by Marek supporting this contention, and the evidence refuting Hildebrand's alleged reasons for terminating him, combined with Hildebrand's alleged threat to turn Marek into authorities, the Court cannot conclude that Hildebrand's actions were objectively reasonable. Based on Marek's version of the facts, supported by the summary judgment evidence, summary judgment on qualified immunity must be denied on Marek's legally viable claims.

22

### D.  Marek's Malicious Prosecution Claim against Hildebrand

HIldebrand also seek summary judgment on Marek's malicious prosecution claim.  Under Texas law, a malicious prosecution claims requires a plaintiff to satisfy the following elements: (1) the commencement of a criminal prosecution; (2) initiation of the criminal prosecution by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) innocence of the plaintiff; (5) lack of probable cause to initiate the prosecution; (6) malice in filing the charge; and (7) damages.  *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 n.3 (Tex. 2006).  Hildebrand asserts three arguments why he is entitled to summary judgment on Marek's malicious prosecution claim.  First, Hildebrand contends the summary judgment evidence conclusively establishes he did not initiate the criminal prosecution.  Second, Hildebrand asserts that Marek is unable to establish a lack of probable cause.  Last, Hildebrand contends he had no malicious intent.  In response to Hildebrand arguments, Marek claims the summary judgment evidence reveals that Hildebrand was responsible for initiating the prosecution because he provided false information to prosecutors and failed to fully and fairly disclose all material information.  He also argues that material issues of fact exist concerning the lack of probable cause element.  Finally, Marek contends undisputed evidence reveals that Hildebrand harbored a malicious intend toward him.  The Court agrees with Marek.

### 1.    Initiation/Procurement

In order to prevail on his claim, Marek must establish that Hildebrand initiated or procured the prosecution against him. *Id*.  Initiation of a criminal prosecution occurs when a person makes a formal charge to law enforcement authorities. *Thrift v. Hubbard*, 974 S.W.2d 70, 77 (Tex. App.–San Antonio 1998, pet. denied) (citing *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex.

23

1994).  "A person procures a criminal prosecution if his actions are enough to cause the prosecution, and but for his actions, the prosecution would not have occurred."  *Id.*  Marek may not prevail on his claim if "the decision whether to prosecute is left to the discretion of another, including a law enforcement official or the grand jury, unless the [defendant] provides information which he knows is false."  *King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003).  If sufficient evidence suggests that Hildebrand intentionally provided false and misleading information to the grand jury, a fact question exists and summary judgment is not warranted.  *See Taylor v. Frank's Supply Co.*, No. EP-06-CA-444-DB, 2008 WL 636165, at *5 (W.D. Tex. Feb. 1, 2008).  There is no dispute in this case that the district attorney filed charges against Marek and the grand jury indicted him, and that they did so with Hildebrand as the party initiating the complaint.  Accordingly, the relevant inquiry here is whether there is evidence that Hildebrand intentionally submitted false and misleading information to the district attorney.

Hildebrand contends the evidence in this case conclusively establishes that he did not provide false information to prosecutors.  In support of his argument, Hildebrand cites to the affidavit testimony of Stephanie Pinter (Chief Deputy for the Burleson County Treasurer), Marek's time sheets, the affidavit of Paul Wilburn, and the affidavit of Evonne Wilburn.  *See* Defendant Hildebrand's Motion for Summary Judgment on Qualified Immunity at p. 22.  While this evidence supports Hildebrand's contention that the did not provide false information, Marek submitted evidence sufficient to create a fact issue.  Marek testified in his affidavit that he was owed one and one half hours of compensatory time, employee time sheets are not turned in daily, and that employees are provided time to correct their time sheets before they are finalized for payroll.  *See* Marek Aff. at pp. 2-3, 11.  Hildebrand confirmed during Marek's criminal trial that the time sheets

are turned in only after the two week period that they cover, rather than daily.  *See* Guilt-Innocence Phase Reporter's Record, attached as "Exhibit B" to Plaintiff's Appendix, at p. 83.  Hildebrand also testified that employees had the opportunity to correct their time sheets.  *Id*.  Demonstrating that the prosecution viewed this information as material, the district attorney dismissed the case against Marek immediately following Hildebrand's testimony admitting that he deviated from standard procedures in collecting Marek's time sheet.

The testimony of Marek and Hildebrand is some evidence that the information provided by Hildebrand to the district attorney was incomplete, and as a result, misleading, because the time sheets were not final.  Evidence that Hildebrand deviated from normal procedures in collecting Marek's time sheet before it was due and before Marek had the opportunity to correct it creates an issue of material fact regarding the truthfulness of the information provided to the prosecutor.  The failure to disclose all relevant facts to a prosecutor is probative concerning the issue of whether the complainant may have provided false information.  *See Richey*, 952 S.W.2d at 519.  There is no evidence that Hildebrand communicated to the prosecutor that he collected Marek's time sheet early or that Marek was not given an opportunity to correct the time sheet as normally occurred.  Finally, there is evidence that the prosecution acted on the information provided by Hildebrand.  The testimony of Assistant District Attorney Joan Scroggins reveals that Hildebrand spoke to her about Marek prior to the indictment by the grand jury.  *See* Motion to Dismiss for Selective and Vindictive Prosecution Reporter's Record, attached as "Exhibit A" to Plaintiff's Appendix, at pp. 9, 10-11 .  Moreover, as noted by Marek, the criminal case was dismissed after Hildebrand's testimony at the criminal trial.  Therefore, fact questions exist with respect to this element.  *See* Guilt-Innocence Phase Reporter's Record, attached as "Exhibit B" to Plaintiff's Appendix, at p. 92.

### 2. *Lack of Probable Cause*

"Probable cause for the initiation of a criminal prosecution exists when the relevant facts and circumstances would excite belief in the mind of a reasonable person that the individual accused is guilty of the crime for which he is prosecuted." *Thrift*, 974 S.W.2d at 78-79.  The probable cause element of a malicious prosecution claim "'asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted.'" *Kroger Tex. Ltd. P'ship*, 216 S.W.3d at 793 (quoting *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515,  517 (Tex. 1997).  The defendant in a malicious prosecution case is presumed to have acted reasonably and with probable cause.  *Id.*  In order to rebut this presumption, "the plaintiff must produce evidence that the motives, grounds, beliefs, or other information upon which the defendant acted did not constitute probable cause."  *Id.*  "When the facts surrounding the impetus of the defendant's decision to instigate a criminal prosecution are in dispute, the issue of probable cause becomes a mixed question of law and fact to be resolved by the jury."  *Thrift*, 974 S.W.2d at 79.

In the present case, evidence exists that the motives and grounds upon which Hildebrand acted did not constitute probable cause.  Specifically, there is evidence that Hildebrand's true motive was to punish Marek for his comments that Hildebrand had been involved in "dirty dealing" and had utilized resources of the County for private purposes.  Marek testified in his affidavit that Hildebrand threatened to file felony charges against him if he "came at him or anyone at the County" and threatened to disclose to his wife letters Marek had written to a female employee if he "tried anything."  Marek Aff. at p. 8.  Hildebrand admitted during Marek's criminal trial that it was only after he heard that Marek had "lawyered-up" that he took steps to initiate the criminal charge.  Guilt-

Innocence Phase Reporter's Record, attached as "Exhibit B" to Plaintiff's Appendix, at pp. 56, 58. He also admitted that he filed the charge to protect himself and Burleson County. *Id.* at p. 58. In addition, there is evidence that the information Hildebrand acted upon did not constitute probable cause because Marek testified that Hildebrand deviated from normal procedures when he prematurely collected his time sheet, that Marek was owed compensatory time, and that he never finalized his time sheet. *See* Marek Aff. at pp. 2, 7-8, 11. Based on the evidence in this case, it is reasonable to infer that Hildebrand acted in an attempt to punish Marek, knowing the claim of falsifying a government document was specious.

### 3.    *Malice*

Hildebrand claims he did not act with malice. "Malice may be established by either direct or circumstantial evidence and may be inferred from lack of probable cause." *Thrift*, 974 S.W.2d at 80. "Malice is generally defined as ill will, evil motive, gross indifference, or reckless disregard of the rights of others." *Id.* Here, there is evidence that Hildebrand acted with malice. He twice threatened to take detrimental action against Marek prior to approaching the authorities. Marek Aff. at pp. 4, 8. Based on the evidence before the Court, Hildebrand is not entitled to summary judgment on Marek's malicious prosecution claim because fact issues exist concerning the initiation, probable cause, and malice elements of the claim.

## III.  CONCLUSION

Based on the foregoing, the Court is of the opinion that summary judgment should be denied with respect to all of Marek's claims, except for his Fourteenth Amendment substantive due process claim. Hildebrand is entitled to qualified immunity on Marek's Fourteenth Amendment substantive

due process claim because he has not alleged a recognized property interest or right in his continued employment, and there is no dispute he was an at will employee.  Marek's remaining claims are constitutionally viable and the summary judgment evidence precludes dismissal.  Finally, genuine issues of material fact preclude summary judgment on Marek's malicious prosecution claim.

## IV.  RECOMMENDATION

The undersigned Magistrate Court RECOMMENDS that the District Court  OVERRULE Plaintiff's and Defendant's evidentiary objections and DENY Hildebrand's Motion to Strike (Clerk's Doc. No. 47).  The Magistrate Court further RECOMMENDS that the District Court GRANT Defendant Hildebrand's Motion for Summary Judgment on Qualified Immunity (Clerk's Doc. No. 18) with respect to Marek's Fourteenth Amendment substantive due process claim and DENY the Motion in all other respects.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).  To the extent that

a party has not been served by the Clerk with this Report & Recommendation electronically pursuant

to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this

Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31[th] day of July, 2008.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE